H. Mark Mersel, California Bar No. 130382
mark.mersel@bclplaw.com
David J. Root, California Bar No. 307251
David.root@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
1920 Main Street, Suite 1000
Irvine, California 92614-7276
Telephone: (949) 223-7000
Facsimile: (949) 223-7100

Attorneys for Plaintiff RIC (SAN LEANDRO) LLC

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIC (SAN LEANDRO) LLC, a California limited liability company<br><br>    Plaintiff,<br><br>  v.<br><br>BRUCE DOUGLAS MILLER, an individual and Wyoming resident, PATRICK JOHN KOENTGES, an individual and Colorado resident, KENNETH EDWARD GREER, an individual and Colorado resident, GREEN SAGE, LLC, a Colorado limited liability company,<br><br>    Defendants. | Case No. 3:23-cv-01501-CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Hon. Charles R. Breyer<br><br>Date: May 24, 2024<br>Time: 8:30 a.m.<br>Courtroom: 06, 17th Floor |

Pursuant to Local Rule 16-9 and ECF 48, Plaintiff RIC (San Leandro) LLC ("Plaintiff") and Defendant Patrick John Koentges ("Koentges") (together, the "Parties") jointly submit this Case Management Statement and Proposed Order.

## JURISDICTION

As set forth in the Parties' case management statement dated February 16, 2024 (ECF 47), jurisdiction and venue are proper in this Court based on diversity jurisdiction. The monetary amount in dispute is greater than $75,000, and there is diversity of citizenship between Plaintiff and Defendants Bruce Miller ("Miller"), Kenneth Greer ("Greer"), Green Sage, LLC ("GSL"), and Koentges (together with "Miller," "Greer" and "GSL" the "Defendants").

Moreover, the governing law provision in Section 13 of the Defendants' Guaranty Agreements make clear that any action relating to the loan documents may be brought in state or federal court in California. Further, the loan documents concern property located in Alameda County, California.

## SERVICE

The Summons and Complaint were timely and properly served on all Defendants. To date, only Koentges has made an appearance in this action. The clerk entered defaults against Miller and Greer, and Plaintiff will request a default against GSL.

## RELEVANT BACKGROUND

***Plaintiff's Discussion of the Facts***. On or around April 20, 2019, the Original Lender, Romspen California Mortgage Limited Partnership ("Original Lender"), entered into a loan agreement with Oakland Cannery Real Estate, LLC, 5733 SLOCA Partnership and 5601 SLOCA, LLC (collectively the, "Borrower"), providing financing to Borrower in the original principal amount of $54,465,000.00 ("Loan"). On August 21, 2019, Defendants separately and individually, absolutely and unconditionally guaranteed the obligations owed to the Original Lender by Borrower under the Loan Documents. Thereafter, the Original Lender transferred all its rights and interests under the Loan Documents to Plaintiff.

The Borrower defaulted under the Loan Documents by, among other things, failing to pay all obligations due and owing to Plaintiff when due. On September 14, 2022, Plaintiff foreclosed

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

on the collateral securing the Loan for a credit bid of $25 million.  The Plaintiff contends that the Defendants are now liable to Plaintiff for the deficiency amounts due under the Loan, and pursuant to the Guaranty Agreements, the Defendants waived all defenses to any claims by Plaintiff against them that arise from Borrower's default and foreclosure on the collateral.  This waiver is unconditional and irrevocable, and includes any limitations, defenses, counterclaims and rights that are or may become available to the Defendants.  Despite Plaintiff's demands, Defendants have refused to pay as they agreed.

Accordingly, Plaintiff filed its Complaint on March 29, 2023, asserting a claim for breach of written guaranty agreement as to each Defendant.  The Complaint seeks damages against the Defendants, jointly and severally, totaling no less than $51,507,018.29, which amount does not include interest or attorney's fees, for the amounts due and owing under the Loan Documents.

Koentges filed an answer on May 9, 2023, denying all allegations in the Complaint.  Greer, Miller and GSL have not made an appearance or filed any response.  The clerk entered defaults against Greer and Miller.  Plaintiff is in the process of filing an application for entry of default against GSL.  While Plaintiff filed applications for default judgment against Greer and Miller (ECF 45-46), Plaintiff intends to file motions for default judgment against them and GSL once it prevails against Koentges.  *See, e.g.*, *In re First T.D. & Invest., Inc.*, 253 F3d 520, 532 (9th Cir. 2001) ("where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants.").

***Koentges' Discussion of the Facts.***  I do not acknowledge any liability within the personal claim guarantee, additionally, I do not acknowledge any responsibility as to payments being made or not to the plaintiff.  I was not a party to or for the actions of other defendants in this case.  The two defendants, Miller and Greer, were solely responsible for all matters as to the loans, property and responsibilities of the property.  My original answer to the Complaint responds to the Plaintiffs filing in this case.

## AMENDMENT OF PLEADINGS

Plaintiff does not anticipate amending its Complaint; however, Plaintiff reserves its rights

to make any such amendment(s) based on information revealed during discovery.

## MOTIONS

***Plaintiff's Impending Motions***.  Plaintiff has served requests for production, interrogatories, and requests for admission on Koentges.  Koentges has not responded to these requests.  Plaintiff and Koentges recently met and conferred about Koentges' failure to respond, and Plaintiff anticipates filing motions to compel related to its requests for production and interrogatories under Federal Rule of Civil Procedure 37 if Koentges does not provide responses by a date certain that was agreed to between Plaintiff's counsel and Koentges.

Plaintiff also anticipates filing a motion for summary judgment following the completion of discovery.

***Koentges' Impending Motions***.  Koentges filed a motion for an extension of time to respond to the discovery requests, Plaintiff and Koentges have since agreed to a date for those responses.

Koentges reserves the right to file Motions in this case once counsel has been hired and made his/her appearance in this matter.

## EVIDENCE PRESERVATION

Plaintiff and Koentges have reviewed the Guidelines for the Discovery of Electronically Stored Information and understand that each is to preserve evidence relating to the issues in this action.

## DISCLOSURES

Plaintiff and Koentges exchanged initial disclosures; however, no other Defendant has appeared in this action and thus initial disclosures have not been exchanged by and between Plaintiff, on the one hand, and Miller, Greer or GSL, on the other hand.

## DISCOVERY

As noted above, Plaintiff served requests for production, interrogatories, and requests for admission on Koentges.  Plaintiff anticipates serving additional discovery on Koentges, and thereafter conducting his deposition.

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

Plaintiff, however, is unable to take Koentges' deposition until he provides responses and any documents in response to Plaintiff's discovery requests.

In the event any other Defendant appears in this action, Plaintiff will serve written discovery on them and take their deposition(s).

## CLASS ACTIONS

Not applicable.

## RELATED CASES

Not applicable.

## RELIEF

Plaintiff asserts a single claim for breach of contract. Plaintiff seeks judgment, jointly and severally, against each Defendant in an amount in excess of $51,507,018.29 based on the breach(es) of their agreements with Plaintiff. (*See* ECF 1 at ¶¶ 32-33, 41.) This amount is due and owing under the Loan Documents and the total amount owed will be determined at the time judgment is entered. (*Id.*)

Plaintiff further requests the recovery of pre-judgment interest up to the date of judgement, which as of January 2024 equaled $6,158,603.05. (*See* ECF 45-46.) Plaintiff also requests the recovery of its attorney's fees and costs in an amount to be determined.

## SETTLEMENT AND ADR

***Plaintiff's Position***. Plaintiff and Koentges have not participated in any formal alternative dispute resolution program, nor have the parties meaningfully discussed settlement. Plaintiff respectfully requests that the Court refer the matter to a magistrate judge to conduct a mediation. Plaintiff believes that a private mediation will not be beneficial in light of Koentges' status as a pro se litigant.

Plaintiff also requests that the Court order the parties to complete mediation before a magistrate judge on or before October 4, 2024. This deadline will allow Plaintiff sufficient time to obtain Koentges' discovery responses and take his deposition. Plaintiff also intends to file its motion for summary judgment prior to mediation.

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

***Koentges' Position***.  According to Koentges, he is in the process of hiring counsel. Koentges asserts it is somewhat difficult and time consuming to hire counsel and requests more time.  Private Mediation is generally acceptable to Koentges once he has retained counsel.

## OTHER REFERENCES

Not applicable.

## NARROWING OF ISSUES

At this time, the Parties are unable to agree on any issues that can be narrowed.  Any narrowing will likely occur via Plaintiff's anticipated motion for summary judgment.

## EXPEDITED TRIAL PROCEDURE

The Parties agree that this case is not suitable for designation under the Expedited Trial Procedure of General Order No. 64.

## TRIAL

***Plaintiff's Position***.  Plaintiff requests a nonjury trial.  Plaintiff contends that any trial would last 2–3 days.  Plaintiff respectfully requests that the trial date be set for February 17, 2025.

***Koentges' Position***.  As submitted in the previous Joint Case Management Statement, Koentges requested a jury trial and does so once again.  He does not agree to a trial date being set at this time.

## SCHEDULING

Plaintiff respectfully requests that the Court adopt the following scheduling order for the above-entitled matter:

| Event | Proposed Deadline |
|---|---|
| Last day to conduct mediation | October 4, 2024 |
| Deadline for initial designation of expert witnesses | October 25, 2024 |
| Deadline for designation of rebuttal expert witnesses | November 8, 2024 |
| Fact discovery cutoff | December 6, 2024 |

| Event | Proposed Deadline |
|-------|-------------------|
| Expert discovery cutoff | December 6, 2024 |
| Last day to hear any motions concerning fact discovery | December 6, 2024 |
| Last day to hear any motions concerning expert discovery | December 6, 2024 |
| Summary judgment motion hearing cutoff | December 20, 2024 |
| Pretrial conference | January 31, 2025 |
| Trial | February 17, 2025 |

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff filed its corporate disclosure statement on March 29, 2023.  (ECF 3.)

## PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California and agree to abide by the Court's Code of Conduct.

## OTHER MATTERS

The Parties are not presently aware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.


Dated:  May 17, 2024                    **BRYAN CAVE LEIGHTON PAISNER LLP**

                                        By:  */s/ H. Mark Mersel*
                                        H. Mark Mersel
                                        Attorneys for Plaintiff RIC (SAN LEANDRO) LLC


Dated:  May 17, 2024                    By:  */s/ Patrick Koentges*
                                        Patrick John Koentges
                                        Pro Se

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA  92614-7276

## <u>CASE MANAGEMENT ORDER</u>

The above Joint Case Management State and Proposed Order is approved as the Case Management Order for this case and all parties shall comply with its provisions.

**IT IS SO ORDERED.**

Dated:

By: _____
Honorable Judge Charles R. Breyer

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276